# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| WILLIAM D. BROOKS | § | |
| | § | |
| V. | § | CASE NO. 4:05cv444 |
| | § | (Judge Schell/Judge Bush) |
| Commissioner of Social | § | |
| Security Administration | § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

The Plaintiff brings this appeal under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner denying his claim for Disability Insurance Benefits ("DIB"). After carefully reviewing the briefs submitted by the parties, as well as the evidence contained in the administrative record, the Court finds that the Commissioner's decision should be affirmed.

## HISTORY OF THE CASE

Plaintiff originally filed an application for DIB on June 2, 2003, claiming to be disabled since January 31, 2002, due to a lower back condition with associated pain in his lower extremities. After a January 31, 2005, administrative hearing, at which Plaintiff was represented, the ALJ issued a February 20, 2005, decision denying Plaintiff's application because he was found not disabled. The ALJ found that despite Plaintiff's back impairment, Plaintiff retained the residual functional capacity for a significant range of sedentary work with restrictions. With the assistance of vocational testimony, the ALJ found that Plaintiff retained the capacity to work as a dispatcher. The Appeals Council concluded on September 15, 2005, that no basis existed for review of the ALJ's decision. The ALJ's decision became the final decision of the Commissioner for purposes of this Court's review pursuant to 42 U.S.C. § 405(g).

## ADMINISTRATIVE LAW JUDGE'S FINDINGS

1

After considering the record, the ALJ made the prescribed sequential evaluation.  The ALJ made the following findings:

1.  The claimant meets the non-disability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(I) of the Social Security Act and is insured for benefits through the date of this decision.

2.  The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

3.  The claimant's back impairment is a "severe" impairment, based upon the requirements in the Regulations.  20 C.F.R. §§ 404.1520(c).

4.  This medically determinable impairment does not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

5.  The undersigned finds the claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision.

6.  The claimant has the following residual capacity: to sit up to six hours in an eight-hour workday and to stand, walk, and lift up to ten pounds not more than two hours in an eight-hour workday with permission to sit/stand in the work area while performing job tasks.

7.  The claimant is unable to perform any of his past relevant work.  20 C.F.R. §§ 404.1565.

8.  The claimant is a "younger individual." 20 C.F.R. §§404.1563.

9.  The claimant has more than a high school (or high school equivalent) education.  20 C.F.R. §§ 404.1564.

10. The claimant has transferable skills from semi-skilled work previously performed as described in the body of the decision.  20 C.F.R. §§ 404.1568.

11. The claimant has the residual functional capacity to perform a significant range of sedentary work.  20 C.F.R. §§ 404.1567.

12. Although the claimant's sit/stand requirement does not allow him to perform the full range of sedentary work, there are a significant number of jobs in the national economy which he could perform.  Examples or such jobs include work as a dispatcher, described as sedentary and semiskilled under DOT code 239.607-014, representing 88,500 jobs in Texas and 885,000 jobs in the United States.

13.     The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision.  20 C.F.R. § 404.1520(g).

(TR 32-33).

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision of no disability is limited to two inquiries: whether the decision is supported by substantial evidence in the record, and whether the proper legal standards were used in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994).  If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971).  Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* at 401.  The Court may not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1995).  A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988).  This Court is not to substitute its judgment for that of the Commissioner, and reversal is permitted only "where there is a conspicuous absence of credible choices or no contrary medical evidence. *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983) (citations and internal quotation marks omitted).

The legal standard for determining disability under Title II of the Act is whether the claimant is unable to perform substantial gainful activity for at least twelve months because of a medically determinable impairment.  42 U.S.C. §§ 423(d), 1382c(a)(3)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985).  In determining a capability to perform "substantial gainful activity," a five-step "sequential evaluation" is used.  In this case, the determination was made at the fifth step

3

concerning whether Plaintiff demonstrated impairments which prevented him from performing a significant number of jobs in the economy. *See* 20 C.F.R. § 404.1520(g). At step five, the burden shifts to the Commissioner to show that there are jobs existing in the national economy which Plaintiff can perform, consistent with his medically determinable impairments, functional limitations, age, education, and work experience. *See Bowen v. Yuckert*, 482 U.S. 137 (1987). Once the Commissioner finds that jobs in the national economy are available to the claimant, the burden of proof shifts back to the claimant to rebut this finding. *See Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

## SEQUENTIAL EVALUATION PROCESS

Pursuant to the statutory provisions governing disability determinations, the Commissioner has promulgated regulations that establish a five-step process to determine whether a claimant suffers from a disability. 20 C.F.R. § 404.1520 (1987). First, a claimant who, at the time of his disability claim, is engaged in substantial gainful employment is not disabled. 20 C.F.R. § 404.1520(b) (1987). Second, the claimant is not disabled if his alleged impairment is not severe, without consideration of his residual functional capacity, age, education, or work experience. 20 C.F.R. § 404.1520(c) (1987). Third, if the alleged impairment is severe, the claimant is considered disabled if his impairment corresponds to an impairment described in 20 C.F.R., Subpart P, Appendix 1 (1987). 20 C.F.R. § 404.1520(d) (1987). Fourth, a claimant with a severe impairment that does not correspond to a listed impairment is not considered to be disabled if he is capable of performing his past work. 20 C.F.R. § 404.1520(e) (1987). Finally, a claimant who cannot return to his past work is not disabled if he has the residual functional capacity to engage in work available in the national economy. 20 C.F.R. § 404.1529(f) (1987); 42 U.S.C. § 1382(a).

4

## ANALYSIS

Plaintiff argues that his part time work as a dispatcher (while working full time) was not performed at substantial gainful levels and, therefore, could not constitute past relevant work allowing him to acquire transferable skills needed to perform the job of dispatcher.  He contends that his wages earned while performing his past work activity as a dispatcher did not reach the requisite minimum earnings criteria established in the regulations, thus, the work activity should not be considered relevant for purposes of acquiring transferable skills.

Plaintiff testified or otherwise reported that he had worked on average 20 hours a month over a long period of years performing dispatcher duties (3 to 5 days a week and on weekends) while engaged in his past relevant full-time work as a bus driver.  The vocational expert testified that Plaintiff had demonstrated the ability to be a dispatcher and has the associated transferable skills.  The evidence establishes that Plaintiff performed the work duties of a dispatcher over a period in excess of ten years.  In describing what he did during the day while performing the job of bus driver, Plaintiff testified he acquired relevant work experience to work as a dispatcher during his relevant work duties as a bus driver (T.R. 117).

As the vocational expert testified, the Dictionary of Occupational Titles ("DOT") describes the job of dispatcher (and another closely related job of assignment clerk) as having a Specific Vocational Preparation ("SVP") of three and four, respectively.  *See* Dictionary of Occupational Titles §§ 239.367-014, 219.387-010.  The DOT explains SVP as the "amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation."  *DOT*, vol. 11, app. C (4th ed.1991).  An SVP of three requires "over 1 month up to and including 3 months" to learn the occupation.  *Id*.  The record demonstrates that Plaintiff performed the job duties of dispatcher long enough to know

5

how to perform it.  In fact, his work as a dispatcher is a transferable skill.  *See* 20 C.F.R. §

404.1568(d)(1).  Substantial work "involves doing physical or mental activities," and "gainful work"

is achieved when it is performed for pay or profit.  *See* 20 C.F.R. § 404.1572.

Plaintiff's only argument is that his part time pay cannot meet the statutory presumption of

work that is substantial.  Regulation 20 C.F.R. § 404.1574(a)(1) provides:

> (a) We use **several guides** to decide whether the work you have done shows that
> you are able to do substantial gainful activity. If you are working or have worked
> as an employee, we will use the provisions in paragraphs (a) through (d) of this
> section that are relevant to your work activity. We will use these provisions
> whenever they are appropriate, whether in connection with your application for
> disability benefits (when we make an initial determination on your application
> and throughout any appeals you may request), after you have become entitled to
> a period of disability or to disability benefits, or both.

> (1) Your earnings **may** show you have done substantial gainful activity.
> **Generally**, in evaluating your work activity for substantial gainful activity
> purposes, our primary consideration will be the earnings you derive from the
> work activity. We will use your earnings to determine whether you have done
> substantial gainful activity **unless we have information from you, your
> employer, or others that shows that we should not count all of your
> earnings**. The amount of your earnings from work you have done (regardless of
> whether it is unsheltered or sheltered work) **may** show that you have engaged
> in substantial gainful activity. **Generally**, if you worked for substantial earnings,
> we will find that you are able to do substantial gainful activity. However, the
> fact **that your earnings were not substantial will not necessarily show that
> you are not able to do substantial gainful activity**...

20 C.F.R. § 404.1574(a)(1).

The language in the regulation is permissive, not mandatory.  Plaintiff performed the job of

dispatcher long enough to know how to do it.  Plaintiff's health and work history demonstrate that

he could perform work at the sedentary exertional level, and that Plaintiff's performance of his past

work as a bus driver (including dispatcher duties) was SGA.  In fact when the jobs are viewed in

tandem, his earnings meet the test that the work was gainful.  Plaintiff argues that his work was a

dispatcher should be segregated from that as a driver although he performed both job duties.  In light of the foregoing, the Court finds the ALJ was justified in not adopting the legal gymnastics argued by Plaintiff's counsel.  The ALJ may properly rely on the testimony of a vocational expert.

The ALJ posed questions that incorporated the disabilities he recognized and Plaintiff was given the opportunity to pose correct perceived deficiencies.  Although the burden shifts to the Commissioner at step five, once the ALJ identifies jobs within the Plaintiff's capacity, the burden shifts back to the Plaintiff to rebut this finding.  *Crowley v. Apfel*, 197 F.3d 194, 198 (5th Cir. 1999).  Plaintiff has not met this burden.  The ALJ's decision should be AFFIRMED.  Most of Plaintiff's complaints deal with hyper-technical complaints with the ALJ's overall analysis.  Perfection in administrative hearings is not required.  *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988).  Plaintiff received a fair hearing and the ALJ's findings are supported by substantial evidence.

## **RECOMMENDATION**

Pursuant to the foregoing, the Court RECOMMENDS that the decision of the Administrative Law Judge be AFFIRMED.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days shall bar an aggrieved party from attacking the factual findings on appeal.  *Thomas v. Arn*, 474 U.S. 140, 106 (1985); *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982) *en banc*.

**SIGNED this 2nd day of May, 2007.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE